No. 82.—James W. Poole *alias* James Vickhouse, plaintiff in error, *vs.* The State of Georgia.

[1.] Where, in order to get a continuance, the defendant designates the names and residence of his absent witnesses, it is competent for the Court—indeed, a highly commendable practice—to suspend the trial, until an officer can be despatched with process, to procure the attendance of the witnesses ; and if it be ascertained that the persons named are fictitious, the cause will proceed.

[2.] Public excitement is not a sufficient ground for the postponement of the trial of a petty offence ; especially where five months have elapsed since it was committed.

Indictment for simple larceny, in Macon Superior Court. Tried before Judge Powers, March Term, 1855.

The defendant, Poole, was arrested on the 13th day of March, 1855, for stealing a slave, the property of James S. Hollingshead, and committed to jail. The Grand Jury of Macon County, on the 27th day of the same month, found and returned a bill of indictment against him for the offence.

The case came on for trial, when the defendant moved for a continuance, upon the grounds—

Poole *alias* Vickhouse *vs*. The State.

1st. That there is great excitement and prejudice against prisoner in the public mind, so that he could not have or obtain, at the present term of the Court, a fair and impartial trial.

2d. Because the defendant has not been able to have J. B. Jones, of DeKalb County, and sundry citizens—among them Alfred Dean, of Marshall County, State of Alabama, subpoenaed, by whom he is able to prove, that on the day, 16th October, 1854, when it is charged the crime was committed, defendant was in the County of Marshall, in the State of Alabama..

The Court did not hurry on the trial, but despatched an officer of Court to DeKalb County, Georgia, and to Marshall County, State of Alabama; with process for the witnesses named by the defendant.

The officer having returned, the case was again taken up. The defendant insisted upon his motion for a continuance, upon the grounds stated. The officer being sworn, stated that he could not find or hear of such persons as J. B. Jones or Alfred Dean, in DeKalb and Marshall Counties, and that he had made diligent inquiry of the Clerks of the Courts and the Sheriffs, in those counties.

The Court over-ruled the motion for a continuance, and Counsel for defendant excepted.

Cook & Montfort, for plaintiff in error.

Sol. Gen. DeGraffenreid; Hall, for defendant.

*By the Court.*—Lumpkin, J. delivering the opinion.

Every person against whom a bill of indictment is found, shall be tried at the term of the Court the indictment is found, unless the absence of a material witness or witnesses, or the principles of justice, shall require a postponement of the trial.

[1.] Was there any material witness or witnesses for the defendant absent, to make a postponement of the trial neces-

Poole *alias* Vickhouse *vs.* The State.

sary or proper in this case? He, Pool, pretended so; but the Court, in the exercise of that diligence which cannot be too highly commended, ascertained that the showing, under the pretext of procuring proof, was for delay only; and therefore, very properly refused a continuance on that ground.

[2.] Was there any merit in the other branch of the application? We think not. The offence was committed in October, 1854; the prisoner was put upon his trial in March, 1855. Surely here was cooling time. We take occasion to say, that this ground, itself, namely: public excitement, has been greatly perverted. It was intended to apply to those higher crimes which always agitate the public mind to a great degree, and when man must be allowed a certain interval to pause and think, and throw off the overwhelming influence pervading the whole community, and swaying it as the forest is bent before the hurricane. But here is an attempt to apply the case of Aaron Burr or Dr. Webster to a simple larceny!

We repeat the hope, that the Courts will imitate the admirable precedent set by Judge Powers on this occasion, and *suspend* the case until efforts are made to collect the testimony of these unfortunate defendants, who, on account of their confinement in jail, &c. &c. have not had an opportunity of subpœnaing their witnesses. It is humane in the Courts, acting as Counsel for prisoners, to despatch their Bailiffs and perform this service for them. The principles of justice will, by pursuing this course, neither be defeated by hurrying prisoners prematurely to trial, nor by granting a continuance, enabling them to escape jail, as they do in so many cases, before the trial term arrives. Let it be understood that efforts will be made to procure the attendance of witnesses, real or pretended, and it will cut off the temptation to those barefaced perjuries that we have every reason to apprehend are too frequently committed for the sake of delay.